**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**


PETER TRIESTMAN,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　V.　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
DEBORAH TURKHEIMER　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　)


Plaintiff Peter Treistman complains against the Defendant as follows:


## NATURE OF THE ACTION

1. This is a civil action for damages and relief arising from Plaintiff's claim of defamation

   per se libel and false light invasion of privacy against Deborah Turkheimer.


## JURISDICTION AND VENUE


2. This Court has subject matter jurisdiction over this action under 28 U.S.C Sec. 1332.

The amount in controversy exceeds $75,000.

3. Venue is proper in this district under 28 U.S.C Sec. 1391(b)(2) because a substantial part of the events giving rise to this action occurred in the Northern District of Illinois.

**PARTIES**

4. Plaintiff Peter Triestman is an individual who resides in  Newark, New Jersey.

5. Defendant Deborah Turkheimer is a resident of Evanston, Illinois.

**FACTUAL ALLEGATIONS**

6. On or about October 16, 2016, on the eve of the presidential election, Defendant published an online story captioned "Donald Trump's Alleged Sexual Misconduct Is an Outrage. Is it a Crime?" The ("Publication"). The Defendant is the author of this story.

7. The sole focus of the Publication, which contained eight separate paragraphs and fifteen hyperlinks to other publications, was upon numerous sexual assault allegations lodged by women against Republican Presidential Candidate Donald Trump and the author's declaration that, despite the criminalization of sexual touching short of penetration, most male perpetrators go unpunished for their egregious conduct that subject women to sexual objectification, degradation and harassment.

8. Plaintiff was cited as an example of a man that was, in fact, "convicted of criminal sexual conduct" in New Jersey in a New Jersey state court prosecution for touching the breast of a female employee while trying to kiss her. **However, no such conviction occurred**, Plaintiff vehemently denies the allegations, and the widely-viewed national Publication placed Plaintiff in the false light of a sexual predator, who is vile and demeaning towards women.

9. The Publication's first paragraph stated:

*Sexual assault <u>allegations</u> against Donald Trump continue to multiply, seeming to confirm the candidate's instantly notorious boasts about kissing and groping women without their consent in 2005 Access Hollywood video. "It now seems clear," Michelle Obama stated in <u>her eloquent address</u> on Thursday, "that this wasn't an isolated incident."*

.

10. The Publication's first paragraph also contained two "hyperlinks" directing readers to other stories published by defendant SLATE GROUP LLC. The first hyperlink contained in the Publication's first paragraph is connected to the word "allegations," and it directs readers to a publication that is available at

http://www.slate.com/blogs/xx_factor/2016/10/12/trump_sexual_assault_allegations_the_floodg ates_are_open.html, captioned "UPDATED: The Floodgates Are Open on Trump Sexual Assault

Allegations", and describes allegations lodged against now President Trump by fifteen (15) different women.

11. The second hyperlink contained in the Publication's first paragraph is connected to the words "her eloquent address," and it directs readers to a publication that is available at http://www.slate.com/blogs/xx_factor/2016/10/13/michelle_obama_trump_s_boasts_of_sexual_a ssault_have_shaken_me_to_my_core.html, and captioned "Michelle Obama: Trump's Boasts of Sexual Assault Have "Shaken Me To My Core.""

12. The Publication's second paragraph stated:

*Among the latest accusations to surface, Cathy Heller claimed that Trump grabbed and kissed her against her will in 1997. Kristin Anderson recounted that Trump "just stuck his hands" up her skirt in the early 1990s, touching her vagina through her underwear. Summer Zervos described Trump grabbing her breast and kissing her "very aggressively" in 2007. These allegations follow on the heels of other similar accounts involving the nonconsensual kissing and touching of various intimate body parts.*

13. The Publication's second paragraph also contained three "hyperlinks" directing readers to other stories, one of which was published by the SLATE GROUP LLC. The first hyperlink contained in the Publication's second paragraph is connected to the word "latest," and it directs readers to a publication that is available at

https://www.theguardian.com/us-news/2016/oct/15/donald-trump-sexual-misconduct-allegations cathy-heller and captioned "Donald Trump 'grabbed me and went for the lips', says new accuser".

14. The second hyperlink contained in the Publication's second paragraph is connected to the word "recounted," and it directs readers to a publication that is available at http://www.cnn.com/videos/politics/2016/10/14/trump-accuser-kristin-anderson-interview-btsac. cnn and captioned "Kristin Anderson: Donald Trump reached up my skirt."

15. The third hyperlink contained in the Publication's second paragraph is connected to the word "described," and it directs readers to a publication that is available at http://www.slate.com/blogs/the_slatest/2016/10/14/former_apprentice_contestant_accuses_trum p_o f_thrusting_his_genitals_against.html and captioned "Former Apprentice Contestant Accuses Trump of 'Thrusting His Genitals' Against Her".

16. The Publication's third paragraph stated:

*Trump's despicable boasts, along with the increasingly likely prospect that they described an actual pattern of conduct, has generated righteous outrage. But commentators have largely overlooked an important fact about these allegations. In nearly every state, sexual contact without consent is considered a crime. And while the Model Penal Code's sexual assault provisions are currently undergoing revision by the*

*American Law Institute, a preliminary draft underscores that "the decision to penalize*

*some sexual touching short of penetration is noncontroversial."*

17. The Publication's third paragraph also contained four "hyperlinks" directing readers to publications of others.

18. The first hyperlink contained in the Publication's third paragraph is connected to the word "outrage," and it directs readers to a publication that is available at https://www.nytimes.com/2016/10/08/us/politics/donald-trump-women.html and captioned " Donald Trump Apology Caps Day of Outrage Over Lewd Tape".

19. The second hyperlink contained in the Publication's third paragraph is connected to the word "revision," and it directs readers to a publication that is available at https://www.ali.org/projects/show/sexual-assault-and-related-offenses/ and captioned "Model Penal Code: Sexual Assault and Related Offenses - This project is re-examining Article 213 of the Model Penal Code, which was ahead of its time when approved by ALI in 1962, but is now outdated and no longer a reliable guide for legislatures and courts."

20. The third hyperlink contained in the Publication's third paragraph is connected to the word "American Law Institute," and it directs readers to a publication that is available at https://www.ali.org/about-ali/ and captioned "About ALI - The American Law Institute is the

leading independent organization in the United States producing scholarly work to clarify, modernize, and improve the law."

21. The fourth hyperlink contained in the Publication's third paragraph is connected to the word "draft," and it directs readers to a publication that is available at https://www.ali.org/publications/show/sexual-assault-and-related-offenses/#drafts and captioned "Model Penal Code: Sexual Assault and Related Offenses."

22. The Publication's fourth paragraph stated: To be sure, sexual contact statutes—like rape law generally—are woefully under-enforced. Even so, the existence of criminal sanctions for non-penetrative sexual touching is testament to how egregious the allegations against Trump really are.

23. The Publication's fourth paragraph also contained one "hyperlink" directing readers to a story published by another, to wit: a hyperlink connected to the word "under-enforced" directing readers to a publication available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2750084 and captioned "Underenforcement as Unequal Protection."

24. The Publication's fifth paragraph stated:

*To put this point in stark relief, consider the case of Jessica Leeds. Leeds recently reported that, on a flight decades ago, Trump lifted the airplane armrest between them and used his hands "like an octopus," grabbing her breasts and trying to put his hand up her skirt. This behavior undoubtedly qualifies as a profound sexual violation falling on a spectrum that includes sexual objectification, degradation, and harassment. But it is more: the alleged airplane assault also constitutes a crime—in this case, a federal crime.*

25. The Publication's fifth paragraph also contained one "hyperlink" directing readers to a story published by another, to wit: a hyperlink connected to the word "reported" directing readers to a publication available at https://www.nytimes.com/2016/10/13/us/politics/donald-trumpwomen.html and captioned "Two Women Say Donald Trump Touched Them Inappropriately."

26. The Publication's sixth paragraph stated:

*Federal law (which applies to travel through the airways) prohibits a person from engaging without permission in sexual contact, which includes "the intentional touching, either directly or through the clothing," of the genitalia, breast, or inner thigh. While the statute is not invoked commonly, it neatly applies to facts that bear a striking resemblance to Leeds's account. For instance, the 2008 trial of Yochanan Cohen featured the testimony of a fellow plane passenger who awoke from a nap to find Cohen's*

*hand on her upper thigh, moving toward her crotch. The woman described Cohen's hand as stopping at her "groin area" and "at the line of [her] panties."*

27. The Publication's sixth paragraph also contained two "hyperlinks" directing readers to publications of others, one of which was published by defendant SLATE GROUP LLC., The first hyperlink contained in the Publication's sixth paragraph is connected to the words "applies to travel through the airways," and it directs readers to a publication that is available at http://www.slate.com/articles/double_x/doublex/2016/08/what_happens_when_sexual_assault_h ap pens_on_a_long_haul_flight.html and captioned "Flight Risk - Airlines are surprisingly ill-equipped to handle accusations of sexual assault on their planes."

28. The second hyperlink contained in the Publication's sixth paragraph is connected to the words "Yochanan Cohen," and it directs readers to a publication that is available at https://casetext.com/case/us-v-cohen-28 and captioned "U.S. v. COHEN, 07-5561-cr (2nd Cir. 12- 8-2008)."

29. The Publication's seventh paragraph stated:

*For a state court prosecution that readily brings to mind Trump's alleged misconduct—including the accusations leveled by Summer Zervos—consider the 2010 New Jersey case against Peter Triestman. Triestman was the furniture store supervisor of a woman referred to by the court as N.P. One day at work, while suggesting that "the bed*

*would look better with her laying on it naked," Triestman put his right hand on N.P.'s breast over her clothes and tried to kiss her." Triestman was later convicted of criminal sexual conduct.*

The Publication's seventh paragraph also contained two "hyperlinks" directing readers to publications of others.

30. The first hyperlink contained in the Publication's seventh paragraph is connected to the words "Summer Zervos," and it directs readers to a publication that is available at https://www.thecut.com/2016/10/summer-zervos-trump-of-sexual-misconduct.html and captioned "In a Press Conference With Gloria Allred, Summer Zervos of The Apprentice Accuses Trump of Sexual Misconduct."

31. The second hyperlink contained in the Publication's seventh paragraph cited Plaintiff's name "Peter Triestman" and directed readers to an opinion of the Superior Court of New Jersey, Appellate Division decided on September 10, 2010 available at http://caselaw.findlaw.com/njsuperior-court-appellate-division/1538024.html.

32. In the opinion, the Appellate Division observed, among other things, that a grand jury indictment was returned against Peter Triestman charging him with fourth-degree criminal sexual contact and concluded that the trial court erroneously denied Mr. Triestman's motion to dismiss the Indictment and remanded the matter for further proceedings.

33. The Publication's eighth paragraph stated:

*These cases are aberrations in the sense that most sexual assault goes unpunished. Yet this should in no way obscure the criminality of the allegations occupying center stage as Election Day approaches.*

34. At all relevant times, Plaintiff was not a public figure.

35. The entire statement "Triestman was later convicted of criminal sexual conduct" is false.

36. The entire statement "Triestman was later convicted of criminal sexual conduct" is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy, loss of the good will and confidence felt toward him by others, and has a tendency to injure him in his trade or business because it states Plaintiff was convicted of the crime of criminal sexualmisconduct.

37. The entire statement "[o]ne day at work, while suggesting that the bed would look better with her laying on it naked, Triestman put his right hand on N.P.'s breast over her clothes and tried to kiss her" is false. 45. The entire statement "[o]ne day at work, while suggesting that the bed would look better with her laying on it naked, Triestman put his right hand on N.P.'s breast over her clothes and tried to kiss her" is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy, loss of the good will and confidence felt toward him by

others, and has a tendency to injure him in his trade or business because it states Plaintiff in fact engaged in serious sexual misconduct.

38. The entire statement "[t]hese cases are aberrations in the sense that most sexual assault goes unpunished" is false.

39. The entire statement "[t]hese cases are aberrations in the sense that most sexual assault goes unpunished" is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy, loss of the good will and confidence felt toward him by others, and has a tendency to injure him in his trade or business because it states Plaintiff was punished for sexual assault.

40. The entire statement "[f]or a state court prosecution that readily brings to mind Trump's alleged misconduct—including the accusations leveled by Summer Zervos—consider the 2010 New Jersey case against Peter Triestman" is false.

41. The entire statement "[f]or a state court prosecution that readily brings to mind Trump's alleged misconduct—including the accusations leveled by Summer Zervos—consider the 2010 New Jersey case against Peter Triestman" is libelous on its face. It clearly exposes plaintiff to hatred, contempt, ridicule and obloquy, loss of the good will and confidence felt toward him by others, and has a tendency to injure him in his trade or business because it falsely

connects Plaintiff to allegations of inappropriate sexual conduct by the sitting President of the United States of America.

42. Upon information and belief, the SLATE GROUP LLC used computer based tracking software to record the number of persons that saw and read the Publication.

43. The SLATE GROUP LLC, in 2016 alone, had an average of more than 25 million unique visitors per month and averaged more than 100 million-page views per month across desktop and mobile platforms.

44. The Publication was posted to the Face Book sites of 914 persons.

45. The Publication was the subject of "tweets" by 120 persons.

46. The Publication was the subject of 166 comments.

47. At all relevant times, the aforesaid statements made to others were not privileged.

48. The prosecution against Plaintiff under the Indictment, being the subject of the aforesaid Appellate Division decision, terminated on September 20, 2010, over six (6) years prior to the Publication's date of publication on or about October 16, 2016.

49. The aforesaid statements involving Plaintiff were not a matter of public concern at the time of the publication.

50. As a proximate result of the above-described publication, Plaintiff suffered damages, including but not limited to, loss of income, loss of his reputation, shame, mortification, and injury to his feelings.

## **FIRST COUNT (Defamation)**

51. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs and incorporates the same as if they were fully set forth herein.

52. Defendant Deborah Tuerkheimer published the entire statement "Triestman was later convicted of criminal sexual conduct" with reckless disregard for the truth. Defendant Deborah Tuerkheimer published the entire statement "[o]ne day at work, while suggesting that the bed would look better with her laying on it naked, Triestman put his right hand on N.P.'s breast over her clothes and tried to kiss her" with reckless disregard for the truth.

53. Deborah Tuerkheimer published the entire statement "[t]hese cases are aberrations in the sense that most sexual assault goes unpunished" with reckless disregard for the truth.

WHEREFORE, Plaintiff demands judgment against defendant for damages, including but not limited to actual, special, and compensatory; punitive damages; interest as allowed by law; costs of suit; and, such other and further relief as this court may deem just and proper.

**SECOND COUNT (False Light Invasion of Privacy)**

55. Plaintiff repeats and realleges each and every allegation contained in the prior paragraphs and incorporates the same as if they were fully set forth herein.

56. Defendant Deborah Tuerkheimer placed Plaintiff in a false light as, among other things, vile and demeaning towards women, and a sexual predator.

57. The Publication's contents constitute a major misrepresentation of Plaintiff's character, history, activities and beliefs.

58.. The false light in which Plaintiff was placed is highly offensive to a reasonable person.

59. Defendant Deborah Turkheimer had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

WHEREFORE, Plaintiff demands judgment against defendants for damages, including but not limited to actual, special, and compensatory; punitive damages; interest as allowed by law; costs of suit; and, such other and further relief as this court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury.

_____

Steven R. Smith

Dated: May 7, 2019