IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PETER TRIESTMAN, <br><br> Plaintiff, <br><br> v. <br><br> DEBORAH TURKHEIMER, <br><br> Defendant. | Case No. 19-cv-03081 <br><br> Judge Charles R. Norgle |

## ORDER

Defendant's motion to dismiss for failure to state a claim [19] is granted without prejudice. Plaintiff is granted leave to submit a second amended complaint to cure the deficiencies discussed in this opinion, and must submit any second amended complaint on or before August 28, 2020. Defendant may respond regarding the second amended complaint on or before September 4, 2020.

## STATEMENT

Plaintiff Peter Triestman brings this lawsuit against Defendant Deborah Tuerkheimer[1] asserting claims for defamation and false light invasion of privacy arising from an article that Defendant published on the website Slate.com on October 16, 2016. Admittedly, Defendant in her original article falsely claimed that Plaintiff had been convicted of criminal sexual conduct, when in fact Plaintiff's indictment had been dismissed. However, in her Motion to Dismiss the Complaint, Defendant argues that the complaint should still be dismissed as a matter of law because (1) Plaintiff's claims are untimely under the statute of limitations because Plaintiff cannot invoke the Illinois Saving Statute, and (2) Plaintiff fails to plead sufficient allegations of fault to establish actual malice. Because the Court agrees that Plaintiff's pleadings are insufficient at this point, the Court will not address Defendant's statute of limitations argument, and the motion is granted without prejudice and with leave to submit a second amended complaint.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the plaintiff is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). This statement must provide sufficient plausible facts to put a defendant on notice of the claims against him. Brooks v. Ross, 578 F. 3d 574, 581 (7th Cir. 2009). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[1] The case caption allegedly spells Defendant's name incorrectly.

1

liable for the misconduct alleged." Id. (citations and quotation marks omitted). In reviewing a plaintiff's claim, the court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

Having reviewed the pleadings and briefs submitted by the parties, the Court concludes that Plaintiff's claims as currently supported cannot proceed to the discovery stage. Even taking Plaintiff's factual allegations as true, he has not pleaded sufficiently such that establishment of actual malice on behalf of the Defendant is plausible. The factual information in Plaintiff's amended complaint raises a right to relief that remains too speculative to move forward. Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015).

Plaintiff and Defendant disagree whether Plaintiff must meet the standard of negligence or actual malice to proceed with his claims against Defendant. The parties do agree that New Jersey substantive law applies to Plaintiff's claims, as that is where he is domiciled. See Cook v. Winfrey, 141 F.3d 322, 329 (7th Cir. 1998). Defendant insists that the political nature of her article, and the criminal subject matter that she raised regarding Plaintiff's conduct, requires that her statements be considered a matter of "public concern"; therefore, says Defendant, Plaintiff must plead facts showing Defendant had actual malice toward him. Lee v. TMZ Prods., 710 F. App'x 551, 560 (3d Cir. 2017) ("[] New Jersey courts have applied the actual-malice standard to defamation lawsuits brought by private-figure plaintiffs against media defendants that have purportedly published erroneous news stories regarding a matter of public interest or concern."). "Today, in New Jersey, the actual-malice standard protects both media and non-media defendants who make statements involving matters of public concern, regardless of whether the targets of the statements are public figures or private persons." Durando v. Nutley Sun, 209 N.J. 235, 37 A.3d 449, 457 (2012).[2] Defendant retorts simply that the actual malice standard does not apply to the instant matter.

The Court agrees with Plaintiff that the subject matter of her article is a matter of public concern. "Speech deals with matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." Soobzokov v. Lichtblau, 664 F. App'x 163, 169 (3d Cir. 2016) (citation omitted) (noting that "[d]iscourse on political subjects and critiques of the government will always fall within the category of protected speech that implicates the actual-malice standard") (citation omitted). Here, the article concerns both a political subject—the conduct of a candidate for President of the United States—and criminal matters, which is certainly a subject of general interest and value to the public. Therefore, Plaintiff must sufficiently plead the presence of actual malice.

With regard to the sufficiency of Plaintiff's pleading under an actual malice standard, Defendant argues that Plaintiff's burden is a high one, yet he fails to include even "a single factual allegation from which a plausible inference of actual malice could be drawn." Dkt. 20 at 9. Defendant is correct to point out that Plaintiff's burden is high. "To meet the actual malice standard, [Plaintiff] must plead that the publishers knew the statements to be false or acted in reckless disregard of their truth or falsity." Lee v. TMZ Prods. Inc, 710 F. App'x 551, 560 (3d Cir. 2017) (quotations and citations omitted). "To act with reckless disregard of the truth, a defendant must actually doubt the veracity of the article." Durando v. Nutley Sun, 209 N.J. 235, 252, 37 A.3d

---

[2] The actual malice standard also applies to claims of false light. See Soobzokov v. Lichtblau, 664 F. App'x 163, 169 (3d Cir. 2016); see also Durando v. Nutley Sun, 209 N.J. 235, 37 A.3d 449, 458 (2012) ("The second prong of a false-light claim parallels the requirements of the actual-malice standard in First Amendment jurisprudence and our own common law.").

2

449, 459 (2012) (quotations and citations omitted). "That an editor or reporter should have known or should have doubted [the] accuracy of an article before publishing it is insufficient to show reckless disregard for the truth." Lee v. TMZ Prods. Inc, 710 F. App'x 551, 560 (3d Cir. 2017).

Plaintiff has not met this high burden. While Defendant's published article admittedly contained a falsehood about Plaintiff, it is not enough that Defendant might have acted unprofessionally, carelessly, or irresponsibly under journalistic standards. Lee, 710 F. App'x 551, 560 (3d Cir. 2017) (finding that professional negligence, like publishing an article "without fact-checking, without investigation, without interviewing those involved, and with no regard for accuracy[,]" does not "amount to an allegation that the defendants '*actually* doubt[ed] the veracity' of the articles implicating [Plaintiff]") (citations omitted) (emphasis in original).

While Plaintiff's amended complaint contains formulaic recitations claiming that Defendant acted with reckless disregard for the truth, the amended complaint does also include the fact that Defendant's original article hyperlinked to the opinion of the Superior Court of New Jersey, which made clear that Plaintiff was not actually convicted of criminal sexual assault. Dkt. 18 at 14. Plaintiff points to this fact to argue that Defendant "apparently did not read the State Court Opinion before publishing the libelous article." Dkt. 24 at 8.[3] Plaintiff apparently believes that this shows that Defendant's conduct was egregious and in reckless disregard of the truth, rather than merely unprofessional, careless, or irresponsible. The Court disagrees. This fact alone cannot form the basis of a plausible inference that Defendant *actually, subjectively* doubted the truth of her statement, especially given that she issued a "published correction" and acknowledgement of the error "before [Plaintiff] ever brought suit." Dkt. 20 at 1. As Defendant points out, "Plaintiff alleges nothing more than a simple misreading of the State Court Opinion." Dkt. 20 at 14.

Still, Plaintiff may have additional, unincluded facts that might allow him to plausibly plead actual malice. The Court, having now ruled that the actual malice standard applies, will allow Plaintiff to plead those facts if they exist.

The Court therefore grants Defendant's Motion to Dismiss [19] without prejudice. Plaintiff is granted leave to submit a second amended complaint to cure the deficiencies discussed in this opinion, and must do so on or before August 28, 2020. Defendant may respond regarding the second amended complaint on or before September 4, 2020. Should Plaintiff fail to submit a second amended complaint by August 28, 2020, or should the pleading remain insufficient, the case will be dismissed.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 4, 2020

---

[3] Plaintiff's response does not contain page numbers. The Court cites the approximate page.

3